## IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| CROSBY NEWBILL <br> 305 Charles Street Avenue, Apt C <br> Towson, MD 21204 <br><br>     Plaintiff <br><br> -vs- <br><br> AMTRAK <br> 60 Massachusetts, 3rd Floor - East <br> Washington, D.C. 20002 <br><br> SERVE ON: CORPORATE SECRETARY <br> 60 Massachusetts, 3rd Floor – East <br> Washington, D.C. 20002 <br><br> And <br><br> NATIONAL RAILROAD PASSENGER CORPORATION <br> 60 Massachusetts, 3rd Floor - East <br> Washington, D.C. 20002 <br><br> SERVE ON: CORPORATE SECRETARY <br> 60 Massachusetts, 3rd Floor – East <br> Washington, D.C. 20002 <br><br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> *    Case No. _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

NOW COMES the Plaintiff, Crosby Newbill, by and through his attorneys, Keith Kauffman and The Law Offices of Steven H. Heisler, and sues the Defendants, Amtrak and National Railroad Passenger Corporation (hereinafter "NRPC), and states as follows:

### Count I

### (Crosby Newbill v. Amtrak)

1. Defendant Amtrak regularly engages in and conducts business in the State of Maryland, including Baltimore City, wherein venue is asserted.

2. That on or about August 12, 2005, Plaintiff Newbill was a fare paying passenger aboard a train owned and operated by Defendant Amtrak. Said train, believed to have been designated "51", had departed Baltimore City en route to Chicago, Illinois, and came to a stop at a terminal in or near Clifton Forge, Virginia. Upon attempting to exit the train at said terminal, Plaintiff Newbill was caused to fall and become injured due to a dangerous condition, specifically a door opened to exit the train for which there was no stairs/step box in which to descend to the surface located several feet below.

3. Defendant Amtrak knew or should have known of the dangerous condition.

4. Defendant Amtrak owed the duty to all passengers, including Plaintiff Newbill, to provide for their safety and not create any dangerous condition.

5. Defendant Amtrak owed the duty to all passengers, including Plaintiff Newbill, to correct any dangerous condition or to properly warn of the same.

6. Defendant Amtrak was negligent in creating the dangerous condition, failing to correct the dangerous condition, failing to warn Plaintiff Newbill in any way of said dangerous condition, failing to prevent Plaintiff Newbill from accessing the dangerous condition and exposing Plaintiff Newbill to said dangerous condition.

7. Defendant Amtrak, as a common carrier, was further negligent in failing to provide for the safety of its passengers, including Plaintiff Newbill.

8. Defendant Amtrak knew or should have known that the dangerous condition was one that would likely result in injury, such as that suffered by Plaintiff Newbill.

9. As a direct and proximate result of the negligence of the Defendant, Amtrak, Plaintiff Newbill was caused to sustain and suffer severe and painful physical injuries to his body; was caused to sustain and suffer severe shock and injury to his nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

10. That as the further direct, natural and proximate cause of the negligence of Defendant Amtrak, Plaintiff Newbill was caused to undergo extensive medical care and treatment of his injuries, and was caused to incur great expense for the requisite care and treatment of his injuries, and will in the future continue to incur such medical expenses.

11. All such injuries, past, present and prospective were caused solely by the negligence of the Defendant, Amtrak, and its agents, servants and/or employees, with no lack of due care and no negligence on the part of Plaintiff Newbill contributing thereto directly or indirectly.

WHEREFORE, this suit is brought against Defendant Amtrak as liable to Plaintiff Newbill in the sum of seventy-four thousand, nine hundred and ninety nine dollars ($74,999), and Plaintiff prays this Honorable Court to award judgment to him in said amount, together with costs of this action and such other and further relief as Justice may require.

### Count II

### (Crosby Newbill v. National Railroad Passenger Corporation)

1. Defendant NRPC regularly engages in and conducts business in the State of Maryland, including Baltimore City, wherein venue is asserted

2. That on or about August 12, 2005, Plaintiff Newbill was a fare paying passenger aboard a train owned and operated by Defendant NRPC. Said train, believed to have been designated "51", had departed Baltimore City en route to Chicago, Illinois, and came to a stop at a terminal in or near Clifton Forge, Virginia. Upon attempting to exit the train at said terminal, Plaintiff Newbill was caused to fall and become injured due to a dangerous condition, specifically a door opened to exit the train for which there was no stairs/step box in which to descend to the surface located several feet below.

3. Defendant NRPC knew or should have known of the dangerous condition.

4. Defendant NRPC owed the duty to all passengers, including Plaintiff Newbill, to provide for their safety and not create any dangerous condition.

5. Defendant NRPC owed the duty to all passengers, including Plaintiff Newbill, to correct any dangerous condition or to properly warn of the same.

6. Defendant NRPC was negligent in creating the dangerous condition, failing to correct the dangerous condition, failing to warn Plaintiff Newbill in any way of said dangerous condition, failing to prevent Plaintiff Newbill from accessing the dangerous condition and exposing Plaintiff Newbill to said dangerous condition.

7. Defendant NRPC, as a common carrier, was further negligent in failing to provide for the safety of its passengers, including Plaintiff Newbill.

8. Defendant NRPC knew or should have known that the dangerous condition was one that would likely result in injury, such as that suffered by Plaintiff Newbill.

9. As a direct and proximate result of the negligence of the Defendant, NRPC, Plaintiff Newbill was caused to sustain and suffer severe and painful physical injuries to his body; was caused to sustain and suffer severe shock and injury to his nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

10. That as the further direct, natural and proximate cause of the negligence of Defendant NRPC, Plaintiff Newbill was caused to undergo extensive medical care and treatment of his injuries, and was caused to incur great expense for the requisite care and treatment of his injuries, and will in the future continue to incur such medical expenses.

11. All such injuries, past, present and prospective were caused solely by the negligence of the Defendant, NRPC, and its agents, servants and/or employees, with no lack of due care and no negligence on the part of Plaintiff Newbill contributing thereto directly or indirectly.

**WHEREFORE,** this suit is brought against Defendant NRPC as liable to Plaintiff Newbill in the sum of seventy-four thousand, nine hundred and ninety nine dollars

($74,999), and Plaintiff prays this Honorable Court to award judgment to him in said amount, together with costs of this action and such other and further relief as Justice may require.

Keith Kauffman, Esquire
Law Office of Steven H. Heisler
1011 North Calvert Street
Baltimore, Maryland 21202
(410) 625-4878
*Attorneys for Plaintiffs*